UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) ) | No. 1:06-CR-92 |
| JERRY WAYNE COOPER | ) ) ) ) | Chief Judge Curtis L. Collier |

# **O R D E R**

Before the Court is Defendant Jerry Cooper's ("Defendant") motion for disclosure of the presentence reports of Anthony and Teresa Auyer (Court File No. 19). Defendant has submitted a memorandum in support of his motion, arguing the Due Process Clause of the United States Constitution requires such information be provided to the defendant, or in the alternative, the Court should review the presentence reports ("PSRs") *in camera* to determine if the reports contain *Brady*[1] information (Court File No. 24). For the reasons stated below, the Court **DENIES** Defendant's motion.

The Government filed a response to Defendant's motion making several arguments, including Defendant's motion is premature and possibly completely unnecessary since the Auyers may not ultimately be witnesses; the PSRs do not belong to the prosecution; most of the information does not constitute *Brady* material; and the PSRs are not the only repository for much of the information contained therein (Court File No. 20). However, the Government has no objection to

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963)

the Court reviewing the PSRs for itself and ordering whatever disclosure it deems appropriate.

While Defendant stated in his memorandum he was "unable to find any caselaw stating the Sixth Circuit's position on the disclosure of presentence reports to co-defendants or alleged co-conspirators," the Court did find case law from the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") on point with this issue. In *United States v. Sherlin*, the court held the district court did not abuse its discretion in denying a defendant's request to view the PSR of a government witness. The court found the United States Court of Appeals for the Fifth Circuit's (the "Fifth Circuit") reasoning in *United States v. Trevino*[2], 556 F.2d 1265, 1270 (5th Cir. 1977), persuasive and stated the following:

> *Brady* expressly applies to material evidence withheld from the defense *by the prosecution*. Neither *Brady* nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a presentence report concerning a government witness, prepared for the court, to the defense upon request. Nor do they require a trial court to review such a report *in camera* for potential *Brady* material.

67 F.3d 1208, 1218 (6th Cir. 1995) (emphasis in original). Since a review of the facts of the *Sherlin* case reveal the government witness at issue was also a co-defendant/co-conspirator[3], it logically follows the court's holding extends to the instant case.

A similar issue arose in *United States v. Cunningham*, Nos. 92-3101/3102, 1993 WL 358539,

---

[2] The Court notes the Fifth Circuit has subsequently held that "a defendant ordinarily has a right to exculpatory or impeachment material that is contained in the PSR of his co-defendants." *United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1992). It appears one of the factors affecting the court's decision was that under the current rule of criminal procedure, the prosecution retains a copy of the defendant's PSR. *Id*. at 908. Since the *Sherlin* opinion was published in 1995, after both the *Trevino* and *Jackson* opinions, and both opinions were readily obtainable through research, it appears the *Sherlin* court made a conscious decision to agree with *Trevino*'s reasoning and not *Jackson's* reasoning.

[3] The government witness was Charlie Jacks. The factual background section of the opinion and the Indictment reveal Keith Sherlin, Tracy Teague, Charlie Jacks, and Billy Rodgers were charged in the same indictment with several charges surrounding an arson committed on the evening of November 3, 1993.

(6th Cir. Sept. 15, 1993). In *Cunningham*, the court addressed a district court's denial of a defendant's discovery request for the PSRs of three of the defendant's coconspirators. *Id.* at *5. Prior to their testimony at the defendant's trial, the three coconspirators had pleaded guilty and been sentenced. *Id.* Defense counsel thought the PSRs might contain information that would impugn the witnesses' credibility or tend to exculpate the defendant under *Brady*. *Id.* The government stated the PSRs had been collected by the probation department after sentencing. *Id.* The district court agreed to examine the PSRs after each witness testified to determine whether any discrepancies existed that might reflect upon the witnesses' credibility. *Id.* After reviewing the reports, the district court found no discrepancies or inconsistencies, and it denied defense counsel's discovery request. *Id.* Relying on *Brady*, but with virtually no analysis, the Sixth Circuit held the district court's review was "adequate to satisfy any obligation the court had to ensure the defense had access to exculpatory evidence contained in the PSRs, especially since the documents apparently were no longer in the government's control." *Id.*

As a result, this Court is not obligated to provide the defendant with copies of his co-defendants/co-conspirators' PSRs nor is this Court required to review them *in camera* to determine if *Brady* material is present. Further, it is significant to note the *Sherlin* case was appealed from this district[4]. Judge Edgar's refusal to provide the defendant with the PSR was, and still is, the practice in this district. This is so for several reasons.

First, although the government is provided a copy of the PSR, the PSR is not the property of the government. Instead, the PSR is prepared by a division of the Court, the United States Probation Office, for the Court's use in determining a reasonable sentence. As such, the PSR often

---

[4]The trial in the *Sherlin* case was held before Judge R. Allan Edgar, United States District Court Judge for the Eastern District of Tennessee (in Chattanooga).

contains extremely sensitive and confidential information. If the Court were to disclose the contents of the PSRs, defendants would be less likely to be forthcoming with damaging information. This, in turn, would hinder the Court's ability to get an accurate assessment of a defendant's personal history and background, which would also hinder the Court's ability to give a reasonable sentence. In the end, this would be harmful to the administration of justice. Furthermore, a PSR contains information regarding a defendant's cooperation with the government, which may or may not be relevant to the case before the Court in which the defendant is being sentenced. As such, there is no reason the PSRs of co-defendants Anthony and Teresa Auyer, or the PSRs of *any* witnesses called by the government, should be turned over to Defendant.

If the Court becomes aware of any evidence from any source relating to the guilt or innocence of Defendant, the Court will certainly consider disclosing the information to the government and to Defendant. The Court would do so not because it is under any obligation, but because it would ensure the defendant is treated fairly. Accordingly, the Court **DENIES** Defendant's "Motion For Disclosure Of The Presentence Reports Of Anthony And Teresa Auyer" (Court File No. 19).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**