UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | No. 1:06-CR-92 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| JERRY WAYNE COOPER | ) | |
| | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant Jerry Cooper's ("Defendant") "Motion for Intra District Transfer of Venue to Winchester Division" (Court File No. 15). In the memorandum accompanying this motion, Defendant argues this case should be transferred to the Winchester Division because all of the criminal acts occurred there and all parties, including the defendant, would be best served by holding the trial in Winchester. Defendant further argues it would be an "abuse of discretion to require the trial to take place in Chattanooga." (Court File No. 15). The government filed a response in opposition to Defendant's motion (Court File No. 18).

Under Federal Rule of Criminal Procedure 18 ("Rule 18"), "the government must prosecute an offense in a district where the offense was committed." However, "there is no constitutional right to a trial within a division." *United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984). When setting the place of trial, the Court should consider the convenience of the defendant and witnesses and the prompt administration of justice. Fed. R. Crim. P. 18. In doing so, the Court may consider proximity of the defendant's residence, proximity of witnesses and counsel, docket conditions which bear on whether a defendant receives a speedy trial, and proximity of records and documents.

*United States v. Lewis*, 504 F.2d 92, 97 (6th Cir. 1974). Thus, "[r]ule 18 merely states the traditional rule of 'forum non conveniens' and vests discretion in the District Court to determine the proper place of trial." *Id*.

In this case, the defendant is charged with bank fraud in violation of 18 U.S.C. § 1344, mail fraud in violation of 18 U.S.C. § 1341 and conspiracy to commit both, in violation of 18 U.S.C. § 1344. The Indictment alleges the defendant schemed to defraud banks located in Chattanooga, Tennessee and Collierville, Tennessee in connection with his wood-working plant located in Smart, Tennessee. The plant is located near McMinnville, Tennessee. Defendant argues since most of the witnesses will be from the McMinnville area, Winchester will be more convenient for all witnesses. The trial is presently set for trial in Chattanooga.

First, the Court will consider the proximity of the defendant's residence to the trial. The defendant is a resident of Morrison, Tennessee. In an effort to determine the distance between the Chattanooga Federal Courthouse and Morrison and the Winchester Federal Courthouse and Morrison, the Court consulted Yahoo.com, an internet search engine, for driving directions. According to that search engine, the distance between the Chattanooga Federal Courthouse and Morrison, Tennessee is 80.6 miles, with a driving time of one hour and eighteen minutes. On the other hand, the distance between the Winchester Federal Courthouse and Morrison, Tennessee is 38.3 miles, with a driving time of one hour and one minute. Although the difference in mileage seems to be twice as long to hold the trial in Chattanooga rather than Winchester, the difference in travel time is only 17 minutes. Such a small difference in travel time does not warrant a transfer to Winchester.

The Court will also consider the distance the witnesses will be required to travel since Defendant argues most of them are located in McMinnville, Tennessee. Once again, the Court

consulted Yahoo.com to determine the distance between McMinnville and the Chattanooga Federal Courthouse and McMinnville and the Winchester Federal Courthouse.  The distance between the Chattanooga Federal Courthouse and McMinnville is 92.5 miles, with a travel time of one hour and thirty-five minutes.  Conversely, the distance between the Winchester Federal Courthouse and McMinnville is 42.8 miles, with a driving time of one hour and sixteen minutes.  Although the difference in mileage seems to be twice as long to hold the trial in Chattanooga rather than Winchester, the difference in travel time is only 19 minutes.  Such a small difference in travel time does not warrant a transfer to Winchester.

Next, the Court will consider the docket conditions, which bear on whether a defendant receives a speedy trial.  Because no federal judges sit in the Winchester division, the Court would not be transferring the case to another judge; it would merely be transferring the case to a different courthouse.  Thus, the Court must review its own docket to determine if moving the trial to Winchester will affect Defendant's right to a speedy trial.

Moving the trial to Winchester will not result in the defendant receiving a speedy trial, and in fact, will likely result in delay of the trial.  Initially, this trial was set for November 6, 2006, but upon Defendant's motion and proof of the complex nature of the case, this Court continued the trial until March 5, 2007.  In addition to this trial, the Court has several other matters set for the week of March 5, 2007.  Because this Court's docket is set well in advance and is very busy, the Court would have to find a week[1] where it and its staff could travel to Winchester to try this case.  This could result in a delay of several months.  Therefore, these factors favor having the trial in Chattanooga.

Likewise, the proximity of the records and documents for this case favor having the trial in

---

[1]The court has not been informed of the length of this trial.  However, the Court has been informed it is a complex case due to several boxes of discovery.  Because of this, the Court assumes the trial will take several days.

Chattanooga. This case is one involving voluminous documents and numerous audiotapes. All of these materials are located in Chattanooga. Other factors support having the trial in Chattanooga as well. First, counsel for the defendant and the government have offices and support in Chattanooga. Neither has an office in Winchester. Second, the government has stated it plans to call Mr. Auyer, who is in custody in an Atlanta prison, as a witness. When a prisoner is called to testify in a case, there must be a Marshall present. There is a Marshall's office in Chattanooga, but there is no Marshall's office in Winchester. Finally, there is a fully staffed Clerk's office here in Chattanooga, but there is only one clerk in Winchester.

After considering the relevant factors identified in Rule 18 and the relevant case law, this Court finds the best place for this trial is Chattanooga. Although the defendant and witnesses are located in areas that are geographically closer to Winchester than Chattanooga, the actual driving time differs by only a matter of minutes. Further, all other factors, including the prompt administration of justice, the location of the records and documents, docket conditions, and proximity of counsel, all favor having the trial in Chattanooga. Finally, Defendant's argument all of the criminal acts occurred within the Winchester division is not determinative[2], for there is no constitutional right to have the trial set in a particular division, *Betancourt*, 734 F.2d at 756, as long as it is set in the district where the offense was committed. Fed. R. Crim. P. 18. There is no dispute the Eastern District of Tennessee is the district where the offenses were committed, and the Chattanooga Federal Courthouse is located in that district. Therefore, the Court **DENIES** Defendant's motion for intra district transfer of venue to the Winchester division.

> **SO ORDERED.**

---

[2]The Court notes not only is this claim not determinative, but also it is erroneous. Review of the Indictment reveals criminal acts allegedly occurred all over the State of Tennessee, including Memphis and Nashville. *See generally* Court File No. 1, Indictment.

**ENTER:**

**/s/** _____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**