UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) | |
| v. | ) ) ) | No. 1:06-CR-92 |
| JERRY WAYNE COOPER | ) ) ) | Chief Judge Curtis L. Collier |

**O R D E R**

Before the Court is Defendant Jerry Cooper's ("Defendant") motion to continue the trial date and re-establish the scheduling order (Court File No. 34). The trial is currently set for March 5, 2007. Defendant filed a supporting memorandum articulating several reasons why the trial should be continued, including the case involves complex litigation; the discovery is voluminous; and Defendant is a Tennessee State Senator and the legislature will be in session in March 2007 (Court File No. 34). The Government filed a response in opposition to Defendant's motion, arguing Defendant has already been granted one continuance and none of his proffered reasons justifies a further continuance (Court File No. 42). Defendant, in turn, filed a reply to the Government's response (Court File No. 43) and two supplemental replies to the Government's response (Court File Nos. 45-46).

In deciding this motion the Court recognizes it enjoys broad discretion. *United States v. Hall*, 200 F.3d 962, 964 (6th Cir. 2000); *United States v. King*, 127 F.3d 483, 486 (6th Cir. 1997); *United States v. Gallo*, 763 F.2d 1504, 1524 (6th Cir. 1985). However, this discretion is not absolute nor unbridled. Both the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161 - 3173,

place some limits upon the Court's discretion.

This is so because the public has an interest independent from a criminal defendant to a speedy trial of criminal cases. "A constitutional violation occurs only if the denial was an unreasonable and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay. [T]he defendant must show that the denial resulted in actual prejudice in his defense.'" *Hall*, 200 F.3d at 964 (quoting *United States v. King*, 127 F.3d at 487).

The interest of the public is codified in the Speedy Trial Act. The Speedy Trial Act specifies time limits in which defendants must be tried. 18 U.S.C. § 3161(c)(1). If the time limits are not followed, the Speedy Trial Act mandates dismissal of the information or indictment. Before granting any motion to continue a trial in a criminal case, the Court must consider the impact of granting such a request would have on the Speedy Trial Act time limits. The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. 3161(h)(8)(A).[1] Section 3161(h)(8)(A) requires the Court make a finding after carefully

---

[1] The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
...
    (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
(iii) Whether, in a case in which arrest precedes indictment, delay in the filing

considering and balancing multiple factors, including those factors listed in that section.

After carefully considering and balancing multiple factors, including the factors listed in § 3161(h)(8)(A), the Court concludes a continuance is not warranted. First, the Court notes this case was initially set for trial on November 6, 2006. However, upon Defendant's motion, the Court granted a continuance of almost four months due to the fact Defendant had received several boxes of discovery, the Government did not oppose the continuance, and the complex nature of the case. The Court is generally much more lenient with respect to a first continuance than to additional continuances. Defendant uses, for the most part, the same reasons to continue the March 5, 2007 trial date, that is, the case is complex and the discovery is voluminous. While it is true this case is complex, that does not automatically mean the Court should continue the trial date nor that the public interest would be served by a continuance.

According to Defendant's supplemental reply, he received the bulk of the discovery on September 19, 2006. (*See* Court File 45 at 1). At this point, Defendant and his counsel have had more than four months to review this discovery, and it will have been almost six months by the time this case reaches trial. Although additional discovery has been given to Defendant periodically since November 2006, none of it has been of the same voluminous nature as the discovery given in

---

of the indictment is caused because the arrest occurs at a time such that it is unreasonable
to expect return and filing of the indictment within the period specified in section 3161(b),
or because the facts upon which the grand jury must base its determination are unusual
or complex.
(iv) Whether the failure to grant such a continuance in a case which, taken as a
whole, is not so unusual or so complex as to fall within clause (ii), would deny the
defendant reasonable time to obtain counsel, would unreasonably deny the defendant or
the Government continuity of counsel, or would deny counsel for the defendant or the
attorney for the Government the reasonable time necessary for effective preparation,
taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general
congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses
on the part of the attorney for the Government.
18 U.S.C. §§ 3161(h)(8)(A)-(C).

September. Based upon the Court's examination of the charges contained in the indictment, the Court thinks the time allowed has provided reasonable time to effectively prepare for trial in March. As the Government correctly pointed out, continuing the trial because additional discovery might be produced could postpone the trial date indefinitely.

Defendant's arguments regarding his obligations as a state senator were carefully considered. However, the Court does not find these arguments to be compelling reasons for the Court to continue the trial. So long as the charges remain a cloud of doubt will hover over Defendant's head and will breed distrust not only of Defendant but of the entire state legislature. Resolving this matter will better serve the interests of the State of Tennessee, and the general public, than a continuance. Therefore, the Court **DENIES** Defendant's motion to continue the trial date (Court File No. 34).

**SO ORDERED.**

**ENTER**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**