UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA     | ) |                              |
|                              | ) |                              |
|                              | ) | No. 1:06-CR-92               |
| v.                           | ) |                              |
|                              | ) | Chief Judge Curtis L. Collier|
| JERRY WAYNE COOPER           | ) |                              |

**O R D E R**

Before the Court are two motions: Defendant Jerry Cooper's ("Defendant") motion to continue the trial date and re-establish the scheduling order (Court File No. 50) and the Government's motion for a hearing on Defendant's motion to continue (Court File No. 56). After considering the arguments of counsel, the Court will **GRANT** Defendant's request to continue the trial date and re-set the deadline for requesting jury instructions but will **DENY** Defendant's request to re-set the deadline for filing motions and meeting for the final pretrial conference. Since the Court will **GRANT** in part and **DENY** in part Defendant's motion, the Court necessarily will **DENY** the Government's motion. The Court will address each motion in turn.

### I.  Defendant's Motion to Continue

This is Defendant's third request for a continuance. The Court granted the first request (Court File No. 23) but denied the second request (Court File No. 49). In denying the second request, the Court indicated it would not favorably consider additional requests for continuances.

Subsequent to that decision, Defendant was involved in a single-vehicle car accident and suffered bodily injuries. Needless to say, this was an unanticipated occurrence and could not have

been foreseen by the parties or the Court. Because of that accident and resulting injuries, Defendant now requests the Court to continue the current trial date of March 5, 2007 to the first week of July and to enter a new scheduling order, including new deadlines for filing motions, requesting jury instructions, and meeting for the final pretrial conference. Attached to the motion were pictures of the scene of the car accident Defendant was involved in, pictures of the injuries he suffered as a result of the accident, and a letter from his physician describing his physical condition. The Government filed a response to Defendant's motion, agreeing a continuance of 12 weeks would be in the best interest of justice (Court File No. 51). Defendant, in turn, filed a reply to the Government's response requesting a continuance of at least 16 weeks to allow counsel time to work with the defendant before this case goes to trial (Court File No. 53).

As the Court stated in its last decision denying Defendant's motion to continue, the Court enjoys broad discretion in deciding this motion. *United States v. Hall*, 200 F.3d 962, 964 (6th Cir. 2000). However, the Court must tether its discretion to the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161-3173. A constitutional violation occurs if the Court denies a motion to continue "in the face of a justifiable request for delay." *Hall*, 200 F.3d at 964 (quoting *United States v. King*, 127 F.3d 483, 486 (6th Cir 1997)).

A criminal prosecution is much more than just litigation between the prosecution and the particular defendant. A criminal prosecution is a matter of great public importance and interest. For this reason, the public's interest in having criminal cases resolved in a speedy fashion must always be considered.

The interest of the public is codified in the Speedy Trial Act, 18 U.S.C. § 3161 to 3173. The Speedy Trial Act specifies time limits in which defendants must be tried. 18 U.S.C. § 3161(c)(1).

If the time limits are not followed, the Speedy Trial Act mandates dismissal of the information or indictment. Before granting any motion to continue a trial in a criminal case, the Court must consider the impact granting such a request would have on the Speedy Trial Act time limits. The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. 3161(h)(8)(A).[1] Section 3161(h)(8)(A) requires the Court make a finding

---

[1] The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
...
    (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.
18 U.S.C. §§ 3161(h)(8)(A)-(C).

after carefully considering and balancing multiple factors, including those factors listed in that section.

After carefully considering and balancing multiple factors, including the factors listed in § 3161(h)(8)(A), the Court finds a continuance is warranted. On February 7, 2007, Defendant was involved in a single-vehicle car accident on Interstate 24. Defendant suffered multiple injuries, including a cerebral concussion, multiple rib fractures, chest wall contusions, and an extensive degloving injury of the left forearm and hand. *See* Court File No. 50, Attachment #3, Letter from Vanderbilt University Medical Center. According to his physician, Defendant "is unable to properly concentrate for a trial that would require prolonged periods of time for questioning and interactions," and Defendant "will not be ready for this type of interaction for at least 6-8 additional weeks." *Id*. These facts and circumstances support a continuance because Defendant, in his current condition, would be unable to assist his counsel in preparing this case for trial and during trial. Such unavailability could result in prejudice to the defendant and a miscarriage of justice. Thus, the Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Since the physician's letter states Defendant should be ready to assist in his defense in at least six to eight weeks, the Court will continue the trial until **Monday, June 4, 2007**. In setting this new trial date, the Court considered not only the physician's letter but also the Defendant's and Government's arguments. The date of the physician's letter was February 13, 2007, which would be the starting point from which the Court would start to count the number of weeks Defendant needs to recuperate. Counting from February 13, 2007 to June 4, 2007, Defendant has a time frame of sixteen weeks before this case is set to go to trial, which is plenty of time to recuperate and assist

his counsel with his defense.

Although the Court agrees a continuance is warranted, there is no need to re-establish the deadlines for filing motions since that deadline passed on January 8, 2007, almost a full month before Defendant's accident. Likewise, there is no need to hold another final pretrial conference. On February 15, 2007, the magistrate judge held a final pretrial conference for this case, and both parties were allowed to address any issues affecting trial. Since the motions deadline is not being extended, there would be no new issues to discuss, and thus, no need to hold another conference. In reviewing the Court's previous order granting Defendant's first motion to continue (Court File No. 23), the Court realized it did not re-set the deadline for requesting jury instructions. Therefore, the Court will re-set that deadline at this time. All proposed jury instructions are due on or before **Monday, May 21, 2007**.

Therefore, the Court **GRANTS** Defendant's request to continue the trial date and re-set the deadline for requesting jury instructions but **DENIES** Defendant's request to re-set the deadline for filing motions and meeting for the final pretrial conference (Court File No. 50).

**II.   Government's Motion For A Hearing**

The Government requests a hearing on Defendant's motion to continue because it is concerned about possibly inconsistent information on the length of time Defendant will need to recover from his recent car accident. The Government believes holding a hearing within a couple of weeks to determine whether Defendant is recovering faster than previously represented would be appropriate. Defendant has not filed a response.

When the Court considered Defendant's motion to continue, it also considered a letter from Defendant's physician stating Defendant would not be ready assist in trial preparation for at least

5

six to eight weeks from the date of his injury. Although this means Defendant could possibly be ready to begin assisting in his defense as early as April, the Court decided to continue the trial until the first week of June. Defendant's ability to assist in his own defense is a matter of constitutional magnitude. Given the gravity of the issue, the Court decided to err on the side of granting more, rather than less, time. The Court took into consideration that Defendant's counsel stated after Defendant recuperates, he would need Defendant's assistance to prepare for trial. Moreover, predictions of recovery from medical conditions are not always certain, and as such, Defendant should be given the time requested to recuperate before proceeding to trial so as to minimize any possibility of prejudice to Defendant's defense.

The Government is understandably concerned about public statements Defendant wants to or may return to his Senate duties before he has recuperated or as soon as he starts to recuperate. Whether Defendant can or does return to the Senate is a different issue. There is nothing of a federal constitutional issue with regard to that. There are a large number of state senators, so any infirmities Defendant may be suffering from will be mitigated by the large number of other senators. In a criminal prosecution where he is the only defendant, his mental and physical faculties must be such that he has a full understanding of everything that takes place, and he is in a position to make intelligent decisions regarding trial proceedings. For these reasons the Court would rather ensure Defendant is given adequate time to recover and assist his counsel in preparing and trying this case. Since the Court made its decision to continue the trial with the knowledge of the fact Defendant could recuperate in six to eight weeks, the Court sees no need to hold a hearing within a few weeks

6

to determine if Defendant is recuperating faster than predicted.[2]  Therefore, the Government's motion is **DENIED** (Court File No. 56).

**SO ORDERED.**

**ENTER**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2]The Government made this argument since its office was told it would take 10-12 weeks from the date of injury before the defendant would be capable of standing trial and assisting in his defense.