UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No. 1:06-CR-92 |
| v. | ) ) | Chief Judge Curtis L. Collier |
| JERRY WAYNE COOPER | ) ) ) |  |

## MEMORANDUM

Before the Court is the Government's motion *in limine* pursuant to Fed. R. Evid. 404(b) (Court File No. 58). The Government seeks to introduce into evidence the bank records of defendant Jerry Wayne Cooper ("Defendant"). The Government argues these bank records will show that Defendant converted campaign funds to his personal use and frequently had insufficient funds in his bank account. The Government asserts these bank records are relevant to establishing Defendant's motive in committing the crimes for which he is indicted.

Factually, the Indictment charges Defendant with using a false appraisal to inflate the value of the business he was selling and to obtain a larger loan amount than he otherwise would have been able to receive. The Indictment charges two substantive counts of bank and mail fraud and one count of conspiracy to commit bank and mail fraud (Court File No. 1). To convict Defendant, the Government must prove Defendant's specific intent: (1) to enter into a conspiracy, (2) to devise or



participate in a scheme to defraud, and, substantively, (3) to defraud. The Government says these bank records help establish this essential element of intent.

Defendant filed a response opposing the Government's motion *in limine*.[2] Defendant objects to the relevance of the Government's proffered extrinsic evidence, arguing its prejudicial effect outweighs its probative value. Defendant objects to the inference that these bank accounts reflect other crimes; rather, Defendant asserts there may be a non-criminal explanation for what appears to be the misappropriation of campaign funds. Defendant avers as well that these bank records are overly prejudicial because they reflect a period subsequent to the conspiracy charged in the Indictment.

Based upon the arguments advanced thus far and the apparent agreement on the underlying facts, the Court is prepared to enter a decision upon the motion. However, if at trial the evidence differs from the parties' assertion of the facts, then in that event the Court's decision may differ. Based upon the arguments of counsel and the applicable law, the Court will **GRANT** the Government's motion *in limine* (Court File No. 58).

### I. FACTS

The following synopsis is drawn from the Indictment (Court File No. 1):

From March 28, 1998 to November 30, 1999 and through June 22, 2000, Defendant was a Tennessee State Senator and owner of a woodworking plant (the "Plant"). Defendant was deeply in debt. To resolve his debt Defendant endeavored to sell the Plant.

Defendant used his political influence to obtain County and State backing to build a railroad spur on the Plaint's property. When he obtained an appraisal of the Plant's value, Defendant

---

[2] The Court received a copy of Defendant's sealed response but apparently, there is no entry on the docket sheet. The response (hereinafter "Def.'s Resp.") was timely and included a certificate of service on the Government.

directed the appraiser to represent, falsely, the spur had already been built. Defendant conspired with the Plaint's buyer to obtain a bank loan based on this falsified appraisal and in excess of the Plant's true value. Loan proceeds were sent via Federal Express, an interstate carrier, to repay Defendant's loan on the Plant property.

## II. DISCUSSION

Fed. R. Evid. 404(b) is actually a rule of inclusion, not exclusion, since only one use of "other acts" evidence is specifically disallowed and several uses are specifically permitted in the rule's text. *United States v. Vance*, 871 F.2d 572, 575 (6th Cir. 1989). Rule 404(b) prohibits the admission into evidence of "other crimes, wrongs, or acts" to prove a defendant's character and his propensity for perpetrating such acts. Notwithstanding this prohibition, the rule permits admission of "other acts" evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, know-ledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In this case the Government offers extrinsic or "other acts" evidence to prove motive and intent.

To determine the admissibility of such evidence, the Court follows a four-step process: (1) the Government must specify its purpose for introducing "other acts" evidence; (2) the Court must determine whether the purpose is proper and relevant, i.e. whether it is "at issue"; (3) the Court must determine if the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the defendant, pursuant to Fed. R. Evid. 403; and (4) if the Court determines the "other acts" evidence is admissible, it must carefully instruct the jury about the limited consideration they

may give such evidence.³ *United States v. Abboud*, 438 F.3d 554, 580-86 (6th Cir. 2006); *United States v. Carney*, 287 F.3d 436, 451 (6th Cir. 2004); *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996). The Court has "broad discretion in determining the admissibility of other acts evidence." *United States v. Clark*, 988 F.2d 1459, 1465 (6th Cir. 1993).

A "proper purpose" is probative of a material issue other than the defendant's character and propensity. *Huddleston v. United States*, 485 U.S. 681, 686 (1988). To be "at issue," the evidence must relate to a matter raised by the defense or by elements of the statute. Extrinsic evidence must deal with substantially similar conduct reasonably near in time to the offense for which the defendant is charged. *Merriweather*, 78 F.3d at 1079; *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985). To be admissible, the "other acts" need not be identical to the crime charged. *Clark*, 988 F.2d at 1465 (citing *United States v. Hamilton*, 684 F.2d 380, 384-85 (6th Cir. 1982)); *United States v. Czarnecki*, 552 F.2d 698, 702 (6th Cir. 1977) (relevant evidence should not always be excluded if it does not qualify under a "similarity" requirement; the key consideration is the purpose for which such evidence is offered). The same analysis applies whether the "other acts" occur before or after the offense charged. *United States v. Beechum*, 582 F.2d 898, 903 (5th Cir. 1978) (*en banc*); *United States v. King*, 195 F. App'x 867, 870 (11th Cir. 2006) (affirming admission of "other acts" evidence outside the Indictment's time-frame); *United States v. Procopio*, 88 F.3d 21, 29-30 (1st Cir. 1996) (affirming admission of extrinsic evidence of criminal association between co-defendants occurring two years after the indicted conduct); *United States v. Olivo*, 69 F.3d 1057,

---

³ *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994) ("[t]o apply Rule 404(b) fairly the district court must carefully identify, in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to draw the inferences expressly forbidden in the first sentence").

4

1063 (10th Cir. 1995) ("'Rule 404(b) does not specifically exclude acts subsequent to the incident or incidents giving rise to the indictment.").

A. **Proof Of Motive**

In essence, the Indictment alleges Defendant used political influence to obtain State benefits for the Plant's buyer in order to facilitate the Plant's sale and caused "false, inflated, and fraudulent real estate appraisals" to be prepared and submitted to a bank, all with the ultimate goal of obtaining money (Court File No. 1, p. 8). The Government offers Defendant's bank records to show motive:



To satisfy the first step, the Government must offer a specific purpose for using the extrinsic evidence. Motive is a proper purpose under Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts may . . . be admissible for other purposes, such as proof of motive . . ."). The Court next must evaluate whether such purpose is "at issue" in the case. *Merriweather*, 78 F.3d at 1079. Defendant has not had an opportunity to present his theory of the case;[4] however, an important consideration for the Court in deciding admissibility is the prosecution's need for extrinsic evidence

---

[4] This, however, does not necessarily impact the "other acts" evidence's admissibility. *See United States v. Fraser*, 448 F.3d 833, 839 (6th Cir. 2006) ("the prosecution is under no obligation to wait and see whether the defendant argues the nonexistence of an element of crime before the prosecution presents evidence establishing that element"); *United States v. Bakke*, 942 F.2d 977, 983 (6th Cir. 1991) ("We do not hold . . . the government can never introduce other crimes evidence until the defendant affirmatively relies on a defense that raises an issue such as those listed in Rule 404(b). There are cases in which it is clear to the district court that the jury must make a determination on such questions as the existence of motive, opportunity, intent . . . in order to decide the case.").

in presenting its theory. *Vance*, 871 F.2d at 576 (citing *United States v. Benton*, 637 F.2d 1052, 1057 (5th Cir. 1981)). In *Vance*, the United States Court of Appeals for the Sixth Circuit noted, "[i]n this case, the prosecution undoubtedly had a strong need for the evidence of the alleged prior 'bad acts' . . . [with-out it] the prosecution would have been hard-pressed to present a credible case explaining why a citizen of Vance's prominence would ever have become involved" in the alleged crime. *Id.* at 576-77. Similarly, the Government here bears the heavy burden of proving why a State Senator such as Defendant would risk his career and reputation by conspiring to and directing the falsification of an appraisal. Defendant's motive, and evidence thereof, is clearly important to the Government's case. *Accord Abboud*, 438 F.3d at 582 (affirming admission of extrinsic evidence about under the table payments defendants made to employees because such evidence supported the prosecution's theory that cash-flow problems motivated the defendants in perpetrating a check-kiting scheme); *United States v. Haskins*, 737 F.2d 844, 848 (10th Cir. 1984) (extrinsic illegal acts related to but uncharged and occurring outside the statute of limitations admissible for establishing motive); *United States v. Adcock*, 558 F2d 397, 401-02 (7th Cir. 1977) (evidence of uncharged extortion scheme admissible for establishing motive for tax evasion and false filing charges).

Third, the Court must balance under Fed. R. Evid. 403 the probative value of the "other acts" evidence against the risk of unfair prejudice to Defendant. Defendant argues the probative value of his bank records is low, since the Government has not sufficiently shown acts of misappropriation occurred,[5] and because many of the alleged bad acts occurred subsequent to the conduct for which



Defendant was indicted. It should be noted, extrinsic evidence of a defendant's "bad acts" is always prejudicial to the defendant. The test is whether the prejudicial effect of such evidence substantially outweighs its usefulness. Fed. R. Evid. 403; *United States v. Fraser*, 448 F.3d 833, 840 (6th Cir. 2006) ("[i]n reviewing whether evidence is admissible under Rule 403, this court 'look[s] at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.' ... Because the evidence is so probative, it is almost impossible for the danger of unfair prejudice to outweigh *substantially* the probative value.") (original emphasis). Moreover, there is nothing about this evidence that is so inflammatory it is likely to overwhelm a reasonable person's better judgment and cause that person to render a decision on an improper basis. The evidence simply suggest Defendant, like many people, had financial difficulties. This is something the typical juror can readily appreciate. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

With respect to prejudice, the United States Supreme Court and the Sixth Circuit have advised lower courts to consider if there are alternative, less prejudicial means of proof available to the prosecution. *Huddleston*, 485 U.S. at 688; *Merriweather*, 78 F.3d at 1077. Here, the issue is whether the Government can offer other evidence to prove Defendant's motive. Proving motive generally is not an easy task. That is especially true when the alleged motive is monetary and the opposing party is precluded from introducing evidence of the other parties' financial condition ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

███████████████████████████████████████████
███████████████████████████████ This case is similar to an unpublished Sixth Circuit case, *United States v. Colgate*, 842 F.2d 333 (6th Cir. Mar. 17, 1988). There, the defendant owned a used car business. To finance vehicle purchases the defendant would submit a security agreement to a federally insured bank and would receive an advance of funds. The defendant's financial condition was poor; to generate extra money he submitted altered security agreements to the bank and was eventually prosecuted for fraud. On appeal, he objected to the introduction of extrinsic evidence that there were only 22 vehicles on his sales lot as opposed to the 42 cars he had listed on security agreements. The defendant argued this fact was too remote and dissimilar from the bank fraud charges to be admissible. The Sixth Circuit disagreed, holding this evidence "was highly probative of the defendant's intent or motive." The court stated that "similarity between acts is not necessarily required when evidence of the acts is introduced to show motive..." The court also "rejected the defendant's contention that the evidence was remote in time from the criminal acts; the bank discovered that 20 cars were missing from the lot only two months after the final criminal act was supposed to have occurred." *C.f. United States v. Thorpe*, 165 F.3d 29 (6th Cir. 1998) (affirming admission of evidence of defendant's gambling activities to support prosecution theory that defendant's motive for bid-rigging fraud was to bankroll his gambling addiction); *United States v. Conners*, 894 F.2d 987, 992 (8th Cir. 1990) (affirming admission of extrinsic evidence of defendant's fraud against one bank in a prosecution for fraud and embezzlement against a second bank because this showed defendant's motive: his need for a large amount of money).

As in *Colgate*, the bank records here are temporally proximate (if not contemporaneous, see

below) with Defendant's indicted conduct. ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████ The Court may and must decrease the prejudicial impact of admitting the bank records by clearly and carefully instructing the jury as to the limited purpose for which these records may be considered. *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994). With its motion, the Government provided limiting jury instructions for Defendant and the Court to review. These are tailored to reduce the risk of unfair prejudice as much as possible. Further, the Government intends to limit its use of Defendant's bank records by restricting the amount of attention these bank records receive at trial ████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████ The Sixth Circuit has looked favorably on the prosecution's self-restrictive use of "other acts" evidence as a way to minimize prejudice. *See Fraser*, 448 F.3d at 840-41.

The Court thus finds the probative value of these bank records is not substantially outweighed by the danger of unfair prejudice to the Defendant, the records may be introduced into evidence by the Government in order to show motive, and an instruction restricting the use of the records will be given at Defendant's trial.

**B.     Proof Of Intent**

As stated above, to convict Defendant of conspiracy, bank and mail fraud, the Government must prove Defendant's specific intent to defraud. *United States v. French*, 974 F.2d 687, 695 (6th Cir. 1992) (conspiracy); *United States v. Everett*, 270 F.3d 986, 991 (6th Cir. 2001) (bank fraud); *United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997) (mail fraud). The Government offers bank

9

records reflecting Defendant's alleged misappropriation of campaign contributions to prove his specific intent to defraud. Proving specific intent is a proper purpose for which to admit "other acts" evidence under Fed. R. Evid. 404(b). *Johnson*, 27 F.3d at 1192 ("where there is thrust upon the government ... by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)"). Defendant's "other acts" should be similar (but not necessarily identical) to the crimes charged. *Clark*, 988 F.2d at 1465; *Merriweather*, 78 F.3d at 1079.



ccord *United States v. Sanders*, 343 F.3d 511, 519 (5th Cir. 2003) (admission of extrinsic evidence showing defendant filed a false workers compensation claim in a trial for loan fraud was proper because "evidence of Sanders' failure to disclose something that was known, his working while claiming workers compensation, is related to his failure to disclose his



---

[7] "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

known debt on his bank loan application, tending to prove he acted with intent and not by mistake or accident").

In addition, the Court must determine if the bank records are more substantially prejudicial than they are probative to proving Defendant's specific intent. Fed. R. Evid. 403. Defendant argues the bank records fail this balancing test because they show only uncharged, unproven conduct which occurred after the period charged in the Indictment. That the acts are uncharged is not important. In *Johnson*, the court noted, "there may . . . be other circumstances in which uncharged misconduct evidence is admissible to prove intent." *Johnson*, 27 F.3d at 1193. The rule and its interpretative Notes specifically differentiate between "other crimes" and "other acts" or "acts of uncharged misconduct." Fed. R. Evid. 404(b); Advisory Comm. Notes; Comm. Notes, 2000 Amdt.

The Court has two observations as to temporal proximity. First, the Government represents "the evidence is contemporaneous with the charged offense" (Court File No. 58, p. 5). Thus there is a question as to whether the bank records even show "subsequent" conduct. Second, though the Sixth Circuit has not had opportunity to address the issue specifically in a published opinion, other courts have unanimously held the fact that "other acts" occurred after the charged offense(s) is not dispositive of admissibility. *See, e.g., United States v. Whaley*, 786 F.2d 1229, 1232 (4th Cir. 1986) (holding subsequent conduct may be "highly probative of prior intent"); *United States v. Germosen*, 139 F.3d 120, 128 (2d Cir. 1998); *United States v. Echeverri*, 854 F.2d 638, 645 (3d Cir. 1988); *Beechum*, 582 F.2d at 902 n.1; *United States v. Wonderly*, 70 F.3d 1020 (8th Cir. 1995); *United States v. McDonald*, 576 F.2d 1350, 1356-57 (9th Cir. 1978); *United States v. Bridwell*, 583 F.2d 1135, 1140 (10th Cir. 1978); *United States v. Zapata*, 139 F.3d 1355, 1357 (11th Cir. 1998); *United States v. Latney*, 108 F.3d 1446, 1449-50 (D.C. Cir. 1997).

Here, both the bank/mail fraud and the acts of misappropriation/overdraft occurred prior to Defendant's formal Indictment. It appears to the Court that all these acts occurred at about the same time or within several months to a year of one another – Defendant admits the "other acts" occurred in 2000, while the Indictment alleges a time frame from 1998, into 1999, and through 2000 (Court File No. 1). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████us, whether the bank/mail fraud or the acts of misappropriation/overdraft occurred first has no bearing on the purpose for which the Government is offering the "other acts" evidence: to establish Defendant's specific intent. The Court finds this evidence is highly probative in proving an element of the offense, and Defendant has submitted nothing to demonstrate the prejudicial effective substantially outweighs the probative value.

### C. Relevance of Other Acts

In the Fed. R. Evid. 404(b) context, "other acts" are relevant and admissible only if the jury can reasonably conclude the act occurred and that the defendant was the actor. *Huddleston*, 485 U.S. at 689-90 (citing *Beechum*, 582 F.2d at 912-13). The Court must look at all the proffered evidence and decide if a jury could reasonably find a conditional fact exists by a preponderance. *Id.* (citing Fed. R. Evid. 104(b); 21 C. Wright & K. Graham, Federal Practice and Procedure § 5054).

---

[8] A helpful analysis affirming the admissibility of "other acts" which occurred subsequent to the charged conduct is made by the United States Court of Appeals for the District of Columbia Circuit. The court emphasized the text of Fed. R. Evid. 404(b) does not distinguish between other acts committed before or after the charged offense. Whether the acts occurred prior or subsequent to the charged crime goes simply to the weight of the evidence, not its admissibility. *United States v. Latney*, 108 F.3d 1446, 1449-50 (D.C. Cir. 1997).

██████████████████████████████████████████
██████████████████████████████████████████

The extrinsic evidence here includes Defendant's bank records and testimony tracing the funds and explaining the definition of "income" under the Internal Revenue Code. To prove misappropriation under Tennessee law, the Government must show (1) Defendant was a candidate for public office and (2) Defendant disbursed campaign funds for his own personal use, defined as "any use by which the candidate for public office or elected public official would be required to treat the amount of the expenditure as gross income under 26 U.S.C. § 61, or any subsequent corresponding Internal Revenue Code section." Tenn Code Ann. § 2-10-114(b). The Government may also prove Defendant committed a "bad act" violating the Rules of the Tennessee Registry of Election Finances ("Rules") ████████████████████████████████████████ ████ The Government need only prove such acts be a preponderance of the evidence. Defendant objects to the admission of his bank records because the Government's evidence "does not show what the money was used for." ████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████

## III. CONCLUSION

For the foregoing reasons, the Government's motion *in limine* (Court File No. 58) to admit "other acts" evidence pursuant to Fed. R. Evid. 404(b) for the limited purposes of establishing Defendant's motive and intent is **GRANTED**. An order will enter.

13

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**